**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJESH KUMAR, | No. 12-74112 |
| Petitioner, | Agency No. A089-703-935 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2015[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Rajesh Kumar, a native and citizen of India, appeals the decision of the

Board of Immigration Appeals ("BIA") denying his application for withholding of

removal, asylum, and protection under the Convention Against Torture ("CAT"),

based on the immigration judge's ("IJ") adverse credibility determination. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We grant Kumar's petition and remand it to the BIA for additional proceedings.

The BIA's factual findings are reviewed for substantial evidence, while questions of law are reviewed de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005). Because Kumar filed his application after May 11, 2005, his case is governed by the REAL ID Act of 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). Under that statute, negative credibility determinations may be based on grounds that do not go to the heart of a petitioner's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). An IJ may base an adverse credibility determination on any relevant factor that can reasonably be said to have a "bearing on a petitioner's veracity" in light of the totality of the circumstances. *Shrestha*, 590 F.3d at 1044. Although the REAL ID Act expands the bases on which an agency may rest an adverse credibility determination, trivial inconsistencies "that under the total circumstances have no bearing on a petitioner's veracity should not form the basis" of such a determination. *Id.* In addition, a petitioner must have the opportunity to explain any inconsistencies upon which the BIA relies, and the BIA must address these explanations in its opinion. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006).

Our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). The BIA reviewed the IJ's adverse credibility determination for clear error but did not expressly adopt its opinion. Instead, the BIA relied on three purported inconsistencies arising from testimony regarding Kumar's visa, passport, and caste.

We find that any inconsistencies regarding Kumar's visa and passport are trivial and not probative of his veracity. *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). At immigration hearings between 2009 and 2010, Kumar testified that he had applied for a passport and visas when he was on a high school weightlifting team "quite some time ago" around 1995 or 1996. He explained that his coach kept his passport after his visas were denied and that he subsequently forgot he had ever applied for visas or owned a passport when asked about them during the asylum interviews. Kumar's failure to remember applying for visas he did not obtain, and a passport he obtained more than a decade before but never physically possessed or used, is well within "the normal limits of human understanding and memory" that could plausibly make such "inconsistencies or lack of recall present in any witness's case." *Shrestha*, 590 F.3d at 1044-45. They are thus so minor

3

that they cannot constitute substantial evidence or serve as the bases for an adverse credibility determination. *Id*. at 1047.

In addition, the BIA's justifications for its rejection of Kumar's explanations were insufficient. First, the BIA's statement that Kumar failed to explain why he was more intimidated by the security guards at the asylum office than the police officers in the immigration courtroom does not account for the drastically different circumstances that prefaced each scenario. Second, the BIA's statement that Kumar failed to explain why his nervousness made him forget only certain facts and not others does not take into account Kumar's explanation that he had applied for the visas and obtained his passport more than a decade before. Finally, the BIA's statement that one of the asylum officers credibly testified that Kumar did not appear "confused" during an interview has no bearing on whether Kumar was nervous during the interview, and thus does not properly address that explanation. Such a lack of consideration given to Kumar's "proffered explanation[s] was error and prevents the underlying inconsistenc[ies] from serving as substantial evidence to support" the BIA's upholding of the IJ's adverse credibility determination. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009).

We likewise find that any inconsistencies regarding Kumar's caste were trivial, given that the Valmiki and Mahasha castes are both classified as Dalit, and

4

would therefore render him equally vulnerable to mistreatment. In addition, the BIA's failure to address some of Kumar's explanations for the caste inconsistency—i.e., his failure to understand the question and the asylum officer's angry demeanor—was also error. *Id*.

Though the BIA's decision was erroneous, there remains "a reasonable prospect from the administrative record that there may be additional reasons upon which the IJ or BIA could rely" in finding Kumar not credible. *Id*. at 1095. In such situations, "it is appropriate to remand in a way that permits the agency to provide those reasons." *Id*.

We therefore **GRANT** Kumar's petition and **REMAND** his case to the BIA so that it may determine his credibility. Because neither the IJ nor the BIA considered Kumar's asylum, withholding of removal, or CAT claims independent from his adverse credibility determination, if the BIA finds him to be credible on remand, it is instructed to reconsider Kumar's claims in the first instance. *Id*.